UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                Plaintiff,

v.                                          Case No. 21-cv-1056-pp

LT. ABBIGATE WILD, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT. NO. 13) AND DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PAY INITIAL PARTIAL FILING FEE**

On October 4, 2021, the court ordered that on or before October 25, 2021, the plaintiff must pay an initial partial filing fee of $53.71. Dkt. No. 5. The court's order stated that the plaintiff must send the fee in time for the court to *receive* it by the end of the day on October 25, 2021, and that if the court did not receive the initial partial filing fee, or a letter asking for more time, by the end of the day on October 25, 2021, the court would dismiss the case without prejudice. Id. at 4. On October 27, 2021, the court granted the plaintiff's motion for extension of time to pay the initial partial filing fee; he had told the court that he was trying to gather the funds to pay it. Dkt. No. 8. On November 30, 2021, the court granted the plaintiff's second motion for extension of time to pay the initial partial filing fee; he said he still had not been able to gather the money. Dkt. No. 10. On January 7, 2022, the court received a third motion or an extension of time; this time, the plaintiff indicated that he still didn't have the funds, and he suggested that the court treat the complaint in this case as a "supplemental" complaint to another case he'd filed because the events in the two cases happened at the same institution. Dkt. No.

1

11. The court did not treat the complaint in this case as a "supplement" to the complaint in his earlier case, but it gave him an extension of time until February 11, 2022 by which to pay the initial partial filing fee. Dkt. No. 12.

The court did not receive anything from the plaintiff by the February 11, 2022 deadline. On March 7, 2022—three weeks later—the court received from the plaintiff another motion for extension of time to pay the initial partial filing fee. Dkt. No. 13. In this filing, the plaintiff apologizes for the delay in submitting the petition, but does not state why he did not submit his request before the February 11, 2022 deadline. Id. at 1. He asks to remind the court that he is currently litigating two federal civil rights cases, a state appeal for a criminal case and a criminal case. Id. The plaintiff states that fifty percent of any deposits into his trust account is deducted to pay for the federal civil cases and his release fund, which makes it difficult to accumulate the $53.71 needed for the initial partial filing fee. Id.

The court must assess an initial partial filing fee each time a prisoner files a case. 28 U.S.C. §1915(b)(1); see also Bruce v. Samuels, 577 U.S. 82, 89-90 (2016). The court should not dismiss a case for failure to pay the initial partial filing fee without determining whether the plaintiff was at fault for not paying that initial fee. Thomas v. Butts, 745 F.3d 309, 312 (7th Cir. 2014); see also 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). The court may not dismiss a case in which a prisoner has "a lack of funds in the account." Thomas, 745 F.3d at 312 (collecting cases). If, however, the court finds that the prisoner "is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid

payment, the court in its sounds discretion may dismiss the action." Id. (citation omitted); see also Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not exonerated by section 1915(b)(4)) (overruled in part on other grounds by Lee v. Clinton, 209 F.3d 1025, 1026-27 (7th Cir. 2000)).

A review of the plaintiff's trust account for March through September 2021 shows that he received regular deposits—a total of over $1,600, although $1,200 of that was his economic stimulus payment received in April 2021. Dkt. No. 4. The account statement shows numerous canteen purchases, indicating that the plaintiff chose to do other things with his money than put it toward paying filing fees. As of the close of the trust account statement period—*after* the date on which he filed the complaint in this case—the plaintiff had a balance of over $142 in his trust account. Id. The plaintiff also told the court that some of the money was being taken to pay for his federal civil *cases*, dkt. no. 13 at 1, but that is incorrect. *No* money is being taken out of the plaintiff's account for *this* federal civil case because he has not yet paid the initial partial filing fee.

The plaintiff did not file his fourth motion for extension of time to pay the initial partial filing fee until more than three weeks after the February 11, 2022 deadline for payment of the initial fee and he did not provide any reason for the untimely motion. See Fed. R. Civ. P. 6(b)(1)(B). He has had over six months to pay the initial partial filing fee and has not done so. When he did have money prior to filing this case, he spent it on other things and apparently used the $142 that he had in his trust account in September 2021 for other things. The court will deny the fourth motion for extension of time and dismiss this case for failure to pay the initial partial filing fee. The court will dismiss the case

3

without prejudice; the plaintiff may move to reopen the case if he is able to come up with the initial partial filing fee.

The law requires any prisoner who brings a civil action to pay the statutory filing fee. 28 U.S.C. §1915(b)(1). Thus, the court will collect the $350 statutory filing fee.

The court **DENIES** the plaintiff's fourth motion for extension of time to pay the initial partial filing fee. Dkt. No. 13.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff did not pay the initial partial filing fee by the deadline the court set. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of the Waupun Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

In limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**