UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                    Plaintiff,

        v.                                    Case No. 21-cv-1056-pp

LT ABBIGATE WILD, LT. GAHN, CO BELLING,
CO MILLER, CO RACH, CO REUTER,
OFFICER L. JOHNSON, CO WYNNE,
CO PENDLEY, CO CHMIELEWSKI,
CO GLAZIER and JOHN DOE,

                    Defendants.

**ORDER DISMISSING DEFENDANTS GAHN AND DOE, DENYING AS MOOT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 46), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 51) AND DISMISSING CASE**

        On September 10, 2021, Stephen Hall—representing himself—filed a complaint under 42 U.S.C. §1983 alleging that the defendants had violated his constitutional rights when he was incarcerated at the Waukesha County Jail. Dkt. No. 1. On April 25, 2022, the court dismissed this case based on the plaintiff's failure to pay the initial partial filing fee. Dkt. No. 14. The plaintiff subsequently paid the fee and filed a motion to reopen the case, dkt. no. 17, which the court granted, dkt. no. 19. This order dismisses defendants John Doe and Lieutenant Gahn, denies as moot the defendants' motion for partial summary judgment on exhaustion grounds and grants the defendants' motion to dismiss.

1

## I. Defendants John Doe and Lieutenant Gahn

On August 23, 2023, the court issued a scheduling order that included a deadline of November 27, 2023 for the plaintiff to identify the John Doe defendant and the proper name for defendant Lieutenant Gahn. Dkt. No. 45 at 2. The order stated that the court might dismiss those defendants if the plaintiff did not identify them by November 27, 2023. Id. The plaintiff has not identified John Doe or the proper name for Lieutenant Gahn, nor has he provided any reason for failing to identify them. The court will dismiss defendants John Doe and Lieutenant Gahn.

## II. Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (Dkt. No. 46) and Motion to Dismiss for Failure to Prosecute (Dkt. No. 51)

On October 23, 2023, the defendants filed a motion for partial summary judgment, asserting that the plaintiff had not exhausted his administrative remedies.[1] Dkt. No. 46. The plaintiff's deadline to respond to that motion was November 22, 2023. Dkt. No. 50. Six days before that deadline—on November 16, 2023—the defendants filed a motion to dismiss the case for failure to prosecute.[2] Dkt. No. 51. On November 20, 2023, the court issued an order

---

[1] The defendants' motion states that they filed it on behalf of "Lt. Abbigate Wild, CO Belling, CO Miller, CO Rach, Co Reuter, Officer L. Johnson, CO Chmielewski, CO Glazier, CO Wynne, and Officer Johnson." Dkt. No. 46 at 1. Defendant Pendley's name is not included in the motion and brief but *is* included in the docket text for the motion for summary judgment and supporting brief. Defendant Johnson's name is included twice in the motion and brief but is not included in the docket text.

[2] The defendants' motion states that they filed it on behalf of "Lt. Abbigate Wild, CO belling, CO Miller, CO Rach, Co Reiter, Officer L. Johnson, CO Chmielewski, CO Glazier, CO Wynne, and Officer Johnson." Dkt. No. 51 at 1.

advising the plaintiff that his response to the motion to dismiss was due by the end of the day on December 7, 2023. Dkt. No. 54. The court stated that if it had not received the plaintiff's response to the motion to dismiss by that date, it would "resolve the motion without considering a response from the plaintiff," which mean that the court "probably" would grant the motion and dismiss the case. Id. at 1. The December 7, 2023 deadline has passed and the court has not received any response from the plaintiff. The court will resolve the motion to dismiss without the plaintiff's input.

The defendants move for dismissal under Federal Rule of Civil Procedure 41(b). Dkt. No. 52 at 2. They argue that the court should dismiss the case because they sent the plaintiff authorizations to obtain medical and other records and the authorizations were returned as undeliverable. Id. The defendants also state that the plaintiff has not recently updated his address with defense counsel and the court and assert that since the plaintiff's release from prison in early spring 2023, the plaintiff has not had any contact with defense counsel. Id. at 2-3. According to the defendants, without the information requested from the plaintiff, they cannot fully evaluate potential arguments for summary judgment. Id. at 3. They contend that the plaintiff's refusal to comply with his basic discovery obligations demonstrates an

---

Defendant Pendley's name is not included in the motion and brief but *is included* in the docket text for the motion to dismiss and supporting brief. Defendant Johnson's name is included twice in the motion and brief but is not included in the docket text.

3

unwillingness to follow applicable rules and ask that the court dismiss the case with prejudice. Id.

Rule 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The defendants move for dismissal not only because the plaintiff has failed to respond to discovery requests, but also because the documents they mailed to him have been returned as undeliverable.

When the plaintiff filed the complaint in September 2021, he was confined at Waupun Correctional Institution. Dkt. No. 1 at 2. The Wisconsin Department of Corrections' locator website shows that the plaintiff remained at Waupun from March 5, 2021 through March 7, 2023, when he was released on extended supervision. https://appsdoc.wi.gov/lop/details/detail (for Stephen A. Hall). Upon his release from prison, the plaintiff did not file a change-of-address form with the court or otherwise notify the court and defense counsel of his post-incarceration address. The last communication the court had from the plaintiff was on September 6, 2022, when he filed a motion regarding payment of the filing fee. Dkt. No. 18. The defendants were able to obtain an address for the plaintiff, because on August 21, 2023, they filed a certificate of service of defendant L. Johnson's answer to the complaint which shows that the defendants served the plaintiff at an address in the city of Waukesha, Wisconsin. Dkt. No. 44. The certificate of service for the defendants' motion to

4

dismiss shows that they served that motion on the plaintiff at the same Waukesha address. Dkt. No. 53-2.

When the court issued its November 20, 2023 order advising the plaintiff of the deadline by which he must file his opposition to the motion to dismiss, the court mailed the order to the plaintiff at the Waukesha address—1104 E. Main Street, #4, Waukesha, Wisconsin. The order has not been returned as undeliverable and the court has no reason to believe the plaintiff did not receive it. The court previously mailed other orders to the plaintiff at that address; none of them were returned as undeliverable.

The court advised the plaintiff that it is his responsibility to notify the court if he is released from custody and that if he did not keep the court advised of his whereabouts the court might dismiss his case. Dkt. No. 21 at 14; Dkt. No. 45 at 3. The court's November 20, 2023 order advised the plaintiff of his deadline to respond to the motion to dismiss and warned him that it might dismiss the case if he didn't file a response. Dkt. No. 54. Because the court has not heard from the plaintiff in over a year, the plaintiff has not provided the court with his new address, the defendants' release authorizations were returned to them as undeliverable and the plaintiff has not responded to the motion, it appears that the plaintiff no longer is prosecuting the case. The court will grant the defendants' motion to dismiss. See Shaffer v. Lashbrook, 962 F.3d 313, 315-16 (7th Cir. 2020). Because the court has granted the defendants' motion to dismiss, it will deny as moot their motion for partial for summary judgment on exhaustion grounds.

## III.    Conclusion

The court **ORDERS** that defendants Lt. Gahn and John Doe are

**DISMISSED**.

The court **DENIES AS MOOT** the defendants' motion for partial summary

judgment for failure to exhaust administrative remedies. Dkt. No. 46.

The court **GRANTS** the defendants' motion to dismiss for failure to

prosecute. Dkt. Nos. 51.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may

appeal this court's decision to the Court of Appeals for the Seventh Circuit by

filing in this court a notice of appeal within **30 days** of the entry of judgment.

See Federal Rules of Appellate Procedure 3, 4. This court may extend this

deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. See Fed. R.

App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605

appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

to proceed on appeal without prepaying the appellate filing fee, he must file a

motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed

a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If

the plaintiff accumulates three strikes, he will not be able to file a case in

federal court (except a petition for *habeas corpus* relief) without prepaying the

full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of December, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**